# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 559 | DATE | JULY 3, 2002 |
| CASE TITLE | BEROL Corp., et al   v   BIC Corp., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ Enter memorandum opinion and order. Accordingly, defendant BIC Corp.'s motion to dismiss for lack of personal jurisdiction pursuant to FRCP 12(b)(2) is denied, and defendants' motion to transfer venue to the Southern District of New York pursuant to 28 USC §1404(a) is granted. This case is ordered transferred.

(11) ■ For further detail see order attached to the original minute order.

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | JUL 0 8 2002 | |
| | Notified counsel by telephone. | | date docketed | 25 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | |
| GDS | courtroom deputy's initials | 02 JUL -3 PM 4:04 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JUL 8 2002

BEROL CORP. and SANFORD, L.P., )
)
Plaintiffs, )
) No. 02 C 0559
v. )
) Judge Robert W. Gettleman
BIC CORPORATION and BIC U.S.A., INC., )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs Berol Corp. and Sanford, L.P. have filed a complaint against defendants BIC Corp. and BIC U.S.A., Inc., alleging that defendants sell a correction fluid product, Wite-Out Plus™, that infringes plaintiffs' patent for an "Applicator for Correction Fluid," U.S. patent number 6,312,180 ("the '180 patent"). Berol is the assignee and owner of the '180 patent, and Sanford is its exclusive licensee. Defendant BIC Corp. first filed a motion to transfer venue to the Southern District of New York pursuant to 28 U.S.C. §1404(a), and then two weeks later filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction. For the following reasons, the motion to dismiss is denied, and the motion to transfer is granted.

## BACKGROUND

BIC Corp. is a New York corporation with its principal place of business in Milford, Connecticut. BIC USA is a Delaware corporation with its principal place of business also in Milford, Connecticut. Berol Corp. is a Delaware corporation with its principal place of business in Freeport, Illinois and Sanford, L.P. is an Illinois limited partnership with its principal place of business in Bellwood, Illinois.

Shortly after plaintiffs filed their complaint, but before they served it on defendants, defendants filed a declaratory judgment action in the United States District Court for the Southern District of New York seeking a declaration that the '180 patent is invalid and that the Wite-Out Plus™ product does not infringe the '180 patent. Upon learning of the declaratory action, plaintiffs served the defendants with the complaint in this action. Before answering the complaint, BIC Corp. filed a motion to transfer the instant action to the Southern District of New York pursuant to 28 U.S.C. §1404(a). Two weeks later, BIC Corp. filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction. Approximately two months later, defendants filed and served a third action, also in the Southern District of New York, against plaintiffs for infringement of a patent for "Foam Applicator and Wiper Insert," U.S. patent number 6,238,116 ("the '116 patent").

## DISCUSSION

1. Jurisdiction

BIC Corp. has moved to dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2). By moving this court for a transfer of venue before moving to dismiss for lack of personal jurisdiction or asserting lack of personal jurisdiction as an affirmative defense in its answer to plaintiffs' complaint, BIC Corp. waived its objection to personal jurisdiction. U.S. v. B.R. MacKay & Sons, Inc., 1986 WL 13717, at *6 (N.D. Ill. Nov. 28, 1986). Because both the transferor and transferee courts must have jurisdiction over a defendant in order to effect a change of venue under §1404(a), moving to transfer venue presupposes and concedes proper jurisdiction in the transferor court. Id. BIC Corp.'s contention that it preserved its Fed.R.Civ.P. 12(b)(2) defense by moving to transfer venue pursuant to 28 U.S.C. §1404(a) rather than

pursuant to Fed.R.Civ.P. 12(b)(3) is unpersuasive. "A motion to transfer pursuant to Section 1404(a) is analogous to a Rule 12(b)(3) motion to change venue, and for this reason the §1404(a) motion has been viewed as a Rule 12 motion for purposes of waiver under Rule 12(g)." Id. Under Rule 12(g) all Rule 12 defenses must be consolidated in one motion, and the failure to raise a defense available at the time the initial motion is raised acts as a waiver of the defense under Rule 12(h)(1). Accordingly, the court concludes that BIC Corp. has waived its right to assert that this court lacks personal jurisdiction over it.

2. Venue

When ruling on a motion to transfer venue pursuant to 28 U.S.C. §1404(a), the court considers whether: i) venue is proper in both transferor and transferee courts; ii) transfer is for parties' and witnesses' convenience; and iii) transfer is in the interest of justice. Energaire Corporation v. E.S. Originals, Inc., 1999 WL 1018039, at *1 (N.D. Ill. Nov. 2, 1999) (citing Coffey v. Van Dorn Iron Work, 796 F.2d 217, 219 (7th Cir. 1986)). The defendant, as the moving party, must demonstrate that transfer will promote the efficient administration of justice. Id.

Venue in patent infringement actions is controlled by 28 U.S.C. §1400(b), which provides: "any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." See Energaire, 1999 WL 1018039 at *1. Under 28 U.S.C. §1391(c) a corporate defendant resides "in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574, 1578 (Fed. Cir. 1990).

3

It is uncontested that this court has jurisdiction over BIC USA. BIC Corp. has, however, disputed jurisdiction in this court. When determining whether the court has personal jurisdiction over a defendant in a federal question case, the court must ask whether hailing the defendant into this court accords with the due process clause of the Fifth Amendment, which requires that each party have sufficient minimum contacts with the United States as a whole, and whether this court has the power to serve the defendant. United States v. Martinez De Ortiz, 910 F.2d 376, 381-82 (7th Cir. 1990). All parties to the instant action clearly have sufficient contacts with the United States. The question becomes, then, whether, at the time of filing, BIC Corp. was amenable to service of process by an Illinois court. Under Fed.R.Civ.P. 4(k), service of the instant complaint may be accomplished by complying with the Illinois long arm statute, 735 ILCS § 5/2-209. Boston Chicken, Inc. v. Market Bar-B-Que, Inc., 922 F.Supp. 96, 98 (N.D. Ill. 1996). Because the Illinois long-arm statute extends to the "limit allowed by the Constitution of the United States" and the Illinois Constitution, the inquiry becomes whether BIC Corp.'s minimum contacts with this forum comport with Fourteenth Amendment due process. Janmark, Inc. v. Reidy, 132 F.3d 1200, 1202 (7th Cir. 1997), RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1276 (7th Cir. 1997) (finding that, although the way in which the due process guarantee of the Illinois Constitution is to be construed is for the Illinois Supreme Court to decide, the court has provided very little guidance in this matter, and therefore it is best to examine due process under federal law).

In order to comport with due process, defendants "must have 'minimum contacts' with Illinois such that maintaining a lawsuit here does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). In other

4

words, defendants must have "purposefully availed" themselves of the benefits of conducting activities in Illinois such that they should "reasonably anticipate being hailed into court" here. Worldwide Volkswagon Corp. v. Woodson, 444 U.S. 286, 297 (1980).

The Federal Circuit has summarized these Supreme Court rulings in a three-factor test "to determine whether asserting jurisdiction over an out-of-state defendant comports with due process…: (1) whether the defendant 'purposefully directed' its activities at residents of the forum; (2) whether the claim 'arises out of or relates to' the defendant's activities with the forum; and (3) whether assertion of personal jurisdiction is 'reasonable and fair.'" Akro Corp. v. Luker, 45 F.3d 1541, 1545 (Fed. Cir. 1995).[1]

BIC Corp. argues that it does not meet the first factor of the Akro test, claiming that it did not purposefully direct its behavior at this forum even though several bottles of the accused product, with BIC Corp.'s name on the label, were found at various locations within this district. Defendants attest that, due to corporate restructuring, BIC Corp. transferred the Wite-Out Plus™ product and remaining packaging materials to BIC USA before the '180 patent was issued, and that the bottles of accused product found in the Northern District of Illinois with a "BIC Corp." moniker were actually BIC USA products packaged with old (pre-patent) BIC Corp. labels. BIC Corp. contends that turning over the product and packaging to BIC USA and ceasing to do any

---

[1] Federal Circuit law applies here because questions regarding personal jurisdiction in patent infringement cases are "intimately related" to the substance of patent law. Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558, 1564-65 (Fed. Cir. 1994).

business in Illinois before the issuance of the '180 patent defeats specific personal jurisdiction over it in this district.[2]

This court disagrees, and concludes that by transferring the accused product and company labels to its affiliate, and then allowing BIC USA to put the product and BIC Corp. labels into stores to be sold in Illinois, is enough to constitute BIC Corp.'s purposeful direction of activity in this forum sufficient to establish a prima facie case of jurisdiction. See North American Philips Corp. v. American Vending Sales, Inc., 35 F.3d 1576, 1580 (Fed. Cir. 1994) (finding that, because they put products into the stream of commerce through a distributor who sells to Illinois, the defendants "knew or reasonably could foresee" that the articles would be resold in Illinois). Therefore, BIC Corp. satisfies the first factor of the Akro test.

BIC Corp. also satisfies the second Akro factor because the instant patent infringement claim obviously "arises out of or relates to" BIC Corp.'s allegedly infringing activities in this forum.

The third factor this court must consider is whether personal jurisdiction over BIC Corp. is "reasonable and fair." Once the first two Akro factors are met, as they have been in this case, the burden shifts to defendants to prove that personal jurisdiction in this forum is not "reasonable and fair." Akro, 45 F.3d at 1545-46. This is an exceedingly high standard and, though BIC Corp. has made several convenience arguments for transferring the instant matter, it has not argued that the exercise of jurisdiction is unreasonable or unfair on any ground (other than that it

---

[2]The fact that both BIC USA and BIC Corp. filed the declaratory judgment action in the Southern District of New York, however, indicates that BIC Corp. is still involved with the production and/or sale of the Wite-Out Plus™ product, despite BIC Corp.'s assertions that BIC USA is the only entity that sells the accused product to customers in Illinois and that BIC Corp. has "transferred" the accused product and packaging to BIC USA.

6

lacks the minimum contacts with Illinois necessary to satisfy due process, an argument with which this court disagrees for the reasons noted above). In fact, the Federal Circuit has held that "where a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable. Most such considerations usually may be accommodated through means short of finding jurisdiction unconstitutional. For example...a defendant claiming substantial inconvenience may seek a change of venue." Akro, 45 F.3d at 1546 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476-77 (1985)). Consequently, this court finds personal jurisdiction over defendants to be reasonable and fair.

Because all three prongs of the Federal Circuit's test for personal jurisdiction have been met, the court finds personal jurisdiction over both defendants to be proper in the Northern District of Illinois. Because personal jurisdiction is proper in this district, both defendants "reside" here pursuant to 28 U.S.C. §1391(c) such that venue is proper under 28 U.S.C. §1400(b).[3]

Venue is proper in the Southern District of New York as well. BIC Corp. is incorporated in New York, thereby making personal jurisdiction proper there. See 28 U.S.C. § 1332. BIC USA has an office in New York and has represented to this court that it does regular business in New York (including selling the accused product there), which makes jurisdiction over it in New York proper as well. See Capitol Records, Inc. v. Optical Recording Corp., 810 F.Supp. 1350, 1352 (S.D.N.Y. 1992). Because personal jurisdiction is proper over both defendants in Illinois

---

[3]Even if venue were not proper in this district, the court would still transfer the instant action to the Southern District of New York under 28 U.S.C. §1406(a) because doing so is in the interest of justice.

7

and New York, both defendants reside in each forum so that venue is proper in each forum pursuant to 28 U.S.C. §1400(b). The first prong of 28 U.S.C. §1404(a), then, is satisfied: venue is proper in both the transferor and transferee courts.

Moving to the second and third prongs of the 28 U.S.C. §1404(a) analysis, the court must consider whether transfer is for the parties' and witnesses' convenience and in the interest of justice. Coffey, 796 F.2d at 219. To do this, the court must take into account the relevant private and public interests. Energaire, 1999 WL 1018039, at *2. The private interests include: "(1) the plaintiff's initial choice of forum; (2) the situs of material events; (3) the ease of access to sources of proof; (4) the availability of compulsory process for the attendance of unwilling witnesses and the cost of obtaining the attendance of the witnesses; and (5) the convenience to the parties, specifically their respective residences and their ability to bear the expense of litigating in a particular forum." Id.

The plaintiff's choice of forum usually deserves considerable weight, especially when it is plaintiff's home forum. Id. Plaintiff's choice of forum becomes less important, however, when it has "relatively weak connections with the operative facts giving rise to the claim." Von Holdt v. Husky Injection Molding Systems, Ltd., 887 F.Supp. 185, 188 (N.D. Ill. 1995). Although the sale of infringing products in this district is certainly significant, the accused product is sold nationwide, so the alleged infringement is presumably occurring in several fora across the country. Therefore, the connection to this forum is not very strong, and the plaintiff's choice of forum in this case should not be accorded significant weight.

The same logic applies to the "situs of material events" prong. The Federal Circuit dictates that "the situs of the injury is the location, or locations, at which the infringing activity

8

directly impacts on the interests of the patentee." Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558, 1571 (Fed. Circ. 1994). In order to apply this test, courts have often focused on the location of the allegedly infringing sales, or the alleged infringer's place of business. Energaire, 1999 WL 1018039, at *2 (and cases cited therein). Again, the allegedly infringing sales have occurred across the country, rather than exclusively in the Northern District of Illinois, and neither of the alleged infringers' places of business are located in Illinois; both defendants' principal places of business are in Milford, Connecticut, which defendants describe as being within the New York Metropolitan area. Accordingly, the situs of material events favors transfer.

The "ease of access to sources of proof" prong further supports transfer. This court has observed that patent infringement suits usually focus on the activities of the alleged infringer, its employees, and its documents rather than upon those of the plaintiffs. Id. at *3 and Wen Prods., Inc. v. Master Leather, Inc., 899 F.Supp. 384, 385 (N.D. Ill. 1995). Defendants' Connecticut headquarters, which house most of the documents, employees, and activities relating to the accused product, are obviously closer to New York than to Illinois, such that ease of access to sources of proof would be better achieved by moving this case to New York rather than keeping it in Illinois.[4]

The court must also consider the "availability of compulsory process for the attendance of unwilling witnesses." Plaintiffs claim they intend to call many witnesses from this district and

---

[4]If not for the related litigation pending in the Southern District of New York, Connecticut would be a logical venue for transfer because the defendants' headquarters are there. However, because all parties will have to litigate a related matter in the Southern District of New York, the interests of efficiency suggest transfer there.

9

therefore want to litigate in a court that can compel these witnesses to appear. This is unpersuasive, however, because the witnesses identified are plaintiffs' employees and within plaintiffs' control. Also, plaintiffs will most likely call many witnesses from defendants' Milford, Connecticut headquarters because, again, patent suits usually focus on the activities of the alleged infringer. Id. To the extent some of those witnesses cannot be considered defendants' employees and, therefore, the party, Milford is within 100 miles of the District Court for the Southern District of New York, leaving them within the court's subpoena power. Thus, this factor leans toward transferring the instant action.

The last private factor to be taken into account is convenience of the parties. In terms of transporting witnesses, documents, and employees, this forum is obviously more convenient for plaintiffs, while New York is obviously more convenient for defendants. In addition to the fact that most of the focus will be on defendants' activities, documents, and staff, the presence of related litigation (regarding the '116 patent) in the Southern District of New York weighs heavily in favor of transfer. Because the plaintiffs will have to travel to New York to litigate a similar matter involving the same parties anyway, convenience supports transfer.[5]

There are also public interest factors to take into account when evaluating whether transfer is convenient and fair under 28 U.S.C. §1404(a). These include: "(1) the relation of the communities to the issue of the litigation and the desirability of resolving controversies in their

---

[5]Transferring the instant action to a venue in which related litigation is pending also serves the "efficient administration of justice." Carus Corp. v. Greater Texas Finishing Corp., 1992 WL 22691, at *2 (N.D. Ill. Jan. 31, 1992). When pending litigation involves the same parties and similar legal, technical and infringement issues, transfer to that venue is logical and strongly favored. Magnavox Co. v. APF Electronics, Inc., 496 F. Supp. 29 (N.D. Ill. 1980).

10

locale; (2) the court's familiarity with applicable law; and (3) the congestion of the respective court dockets and the prospects for earlier trial." Energaire, 1999 WL 1018039, at *4.

With respect to the "community interest" factor, plaintiffs argue that Illinois has an interest in redressing patent infringement that allegedly occurred within its borders. This is certainly true. Because the accused product is sold nationwide, however, the alleged infringement presumably occurs in many states, that several have equal interests in redressing the alleged infringement. Further, "the administration of justice is served more efficiently when the action is brought before a court that is 'closer to the action.'" Paul v. Land's End, Inc., 742 F. Supp. 512, 514 (N.D. Ill. 1990). Once again, the "action" is usually associated with defendants' activities, which in this case are concentrated in Connecticut. These factors combine to favor transfer to New York.

Neither party argues that the second factor, the court's familiarity with applicable law, is relevant here since both the Northern District of Illinois and the Southern District of New York are equally well-equipped to accommodate patent infringement cases. See 28 U.S.C. §1400(b).

This court finds the third factor to be of little import. The median time from the filing of a complaint to trial in a civil action has been about two months less in the Southern District of New York than in this district in recent years. See http://www.uscourts.gov/cgi-bin/cmsd2001.pl. This difference is so negligible as to be neutral; if anything, it slightly favors transfer to New York.

Because private and public interests weigh in favor of transfer, the third and last of the §1404(a) considerations has been fulfilled. Transfer to the Southern District of New York is proper.

11

## CONCLUSION

For the foregoing reasons, BIC Corp.'s motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) is denied, and defendants' motion to transfer venue to the Southern District of New York pursuant to 28 U.S.C. §1404(a) is granted.

**ENTER:** **July 3, 2002**

**Robert W. Gettleman**
**United States District Judge**